IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JEANIE ODOM, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | 5:23-CV-247 (CAR) |
| | : | |
| FREEDOMROADS, LLC (d/b/a Camping | : | |
| World RV Sales), | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

*ORDER DENYING MOTION FOR LEAVE TO FILE JOINT MOTION TO
APPROVE FLSA SETTLEMENT AGREEMENT UNDER SEAL*

Plaintiff Jeanie Odom brings this action against her former employer,

Defendant Freedomroads, LLC (d/b/a Camping World RV Sales), for failure to

properly compensate her in violation of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq.*  The parties have now agreed to settle Plaintiff's claims and

are seeking permission to file, under seal, their forthcoming joint motion to

approve the proposed settlement agreement.  For the following reasons, the

parties' Joint Motion for Leave to File Joint Motion to Approve Settlement

Agreement under Seal [Doc. 3] is **DENIED**.

Ordinarily, a court does not need to approve a settlement agreement. In

FLSA cases, however, a court is required to review and approve a settlement

1

agreement as fair, and the settlement agreement becomes part of the judicial record. [1] There is a common-law presumption that judicial records are public documents.[2] "The strength of the presumption of openness falls along a continuum, with the presumption being stronger for documents that 'directly affect an adjudication' than for documents, such as certain discovery materials, that 'come within a court's purview solely to insure their irrelevance.'"[3]

The presumption of openness is strongest when the "right" at issue is one of a "private-public character," as the Supreme Court has described employee rights under the FLSA.[4] This character is based on Congress's intent

> to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce.  To accomplish this purpose, standards of minimum wages and maximum hours were provided."[5]

District courts in this Circuit have widely held that, "[a]bsent some

---

[1] *See Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010) (citations omitted).

[2] *Nixon v. Warner Commc'n, Inc.,* 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone,* 263 F.3d 1304, 1311 (11th Cir. 2001).

[3] *Hogan v. Allstate Beverage Co.,* 821 F. Supp. 2d 1274, 1283 (M.D. Ala. Aug. 15, 2011) (citing *United States v. Amodeo,* 71 F.3d 1044, 1046 (2d Cir. 1995), and *Chicago Tribune,* 263 F.3d at 1311)).

[4] *Brooklyn Savings Bank v. O'Neill,* 324 U.S. 697, 708 (1945).

[5] *Id.* at 706-07 (footnotes omitted).

2

compelling reason, the sealing from public scrutiny of FLSA agreements between

employers and their employees would thwart the public's independent interest

in assuring that employees' wages are fair and thus do not endanger 'the

national health and well-being.'"[6]    A request to seal must be justified and

carefully balanced with the public's right of access to a judicial proceeding,

which is "an essential component of our system of justice [and] instrumental in

securing the integrity of the process."[7]

Here, the proposed settlement agreement both "directly affects

adjudication" and involves rights of "public-private character," and thus weighs

strongly against sealing. Moreover, the parties assert no reason for sealing other

than to "maintain the privacy of their settlement."[8]   This generalized concern

fails to outweigh the strong presumption of openness and the public's

---

[6] *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260 (M.D. Ala. 2003) (quoting *Brooklyn Savings Bank,* 324 U.S. at 708); *accord Webb v. CVS Caremark Corp.*, Case No. 5:11-cv-106 CAR, 2011 WL 6743284 at *2 (M.D. Ga. Dec. 23, 2011); *Dees*, 706 F. Supp. 2d at 1245 ("Sealing an FLSA settlement agreement between an employer and employee, reviewing the agreement *in camera*, or reviewing the agreement at a hearing without the agreement's appearing in the record (in any event precluding other employees' and the public's access to, and knowledge of, the agreement) thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.").

[7] *Chicago Tribune*, 263 F.3d at 1311; *see also Pressure Enter. Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984) (before sealing a document, the district court must identify and articulate "an overriding interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest.  The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the [sealing] order was properly entered.").

[8] Motion, p. 3 [Doc. 3].

independent interest in access to the judicial record of this FLSA dispute. Thus, the request to seal is DENIED.

In reviewing a settlement of a FLSA private claim, this Court must "scrutinize[] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."[9] Although the Court makes no findings at this time about the parties' settlement agreement, the Court notes that it is unlikely to approve any confidentiality provision contained in the agreement, as the district courts in this Circuit generally disfavor confidentiality provisions in FLSA settlement agreements.[10] Similarly, courts in this Circuit tend to disfavor "pervasive releases" involving a full release of any and all claims, including claims not under the FLSA.[11] "Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use a FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a

---

[9] *Lynn's Food Stores*, 679 F.2d at 1353, 1355.

[10] *See, e.g., Dees*, 706 F. Supp.2d at 1242 ("[A] confidentiality provision in a FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."; *see also Glass v. Krishna Krupa, LLC*, 2010 WL 4064017 (S.D. Ala. Oct. 15, 2010) (following *Dees*); *Poulin*, 2010 WL 1813497 (same).

[11] *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348 (M.D. Fla. 2010).

release from liability unconnected to the FLSA."[12]  Indeed, "a pervasive release in

a FLSA settlement confers an uncompensated, unevaluated, and unfair benefit

on the employer."[13]

## CONCLUSION

The parties' Joint Motion for Leave to File Joint Motion to Approve

Settlement Agreement under Seal [Doc. 3] is **DENIED**.


**SO ORDERED** this 17th day of July, 2023.


S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[12] *Moreno*, 729 F. Supp. 2d at 1351.
[13] *Id*. at 1352.